UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

BRADLEY EDWARD KIHN,

      Plaintiff,

v.

BRENT DENNY, PHILLIP HESCHE,
SONYA KIHN, LINDA KIMMEL, STAR
THOMAS, SUSAN WARD,

      Defendants.

Case No. 19-cv-00979

HON. ROBERT J. JONKER

---

| | |
|---|---|
| Patrick William O'Keefe (P59324)<br>Attorney for Plaintiff<br>O'Keefe Law, PLLC<br>3893 Okemos Rd., Suite B1<br>Okemos MI  48864<br>517-253-0114<br>patrick@okeefelaw.net | Allan C. Vander Laan (P33893)<br>Bradley C. Yanalunas (P80528)<br>Cummings, McClorey, Davis & Acho<br>Attorneys for Defendants Brent Denny<br>Phillip Hesche<br>2851 Charlevoix Dr., S.E. - Suite 327<br>Grand Rapids MI  49546<br>616-975-7470<br>avanderlaan@cmda-law.com<br>byanalunas@cmda-law.com |

---

**BRIEF IN SUPPORT OF
MOTION BY DEFENDANTS BRENT DENNY
AND PHILLIP HESCHE SEEKING DISMISSAL
UNDER FED. R. CIV. P. 12(b)(6)**

01071412-1

## <u>TABLE OF CONTENTS</u>

Table of Authorities ........................................................................................ ii

Questions Presented........................................................................................iv

Most Controlling Authority ............................................................................ v

Statement of Facts ........................................................................................ 1

Standard of Review........................................................................................ 5

Argument........................................................................................................ 6

   I.   PLAINTIFF KIHN HAS NOT PLEADED COGNIZABLE "CONSPIRACY" CLAIMS AGAINST DEFENDANTS DENNY AND HESCHE - - NOR COULD HE DO SO .......................................................................................... 6

   II.   DEFENDANTS DENNY AND HESCHE HAVE QUALIFIED IMMUNITY TO DEFEAT ANY CLAIM BASED UON THE CONDUCT ALLEGED BY PLAINTIFF KIHN...................................................................................................... 7

Conclusion and Relief Requested ................................................................ 17

# **TABLE OF AUTHORITIES**

## **Cases**

*Adams v. Williams*, 407 U.S. 143 (1972)........................................................ 12

*Ahlers v. Schebil*, 188 F.3d 365 (6th Cir. 1999) ........................................... 13

*Apsey v. Chester Tp.*, 608 Fed. Appx. 335 (6th Cir. 2015)............................. 8

*Ashcroft v. Al-Kidd*, 563 U.S. 731 (2011)...................................................... 12

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......................................................... 5

*Baker v. McCollan*, 443 U.S. 137 (1979) ...................................................... 11

*Boone v. Spurgess*, 385 F.3d 923 (6th Cir. 2004).......................................... 9

*Chriss v. City of Kent*, 867 F.2d 259 (6th Cir. 1988) ................................... 13

*Crockett v. Cumberland College*, 316 F.3d 571 (6th Cir. 2003) ................. 12

*D'Ambrosio v. Marino*, 747 F.3d 378 (6th Cir. 2014) ................................. 14

*Devenpeck v. Alford*, 543 U.S. 146 (2004)................................................... 11

*District of Columbia v. Wesby*, ___ U.S. ___, 138 S. Ct. 577 (2018)....................... 12

*Fridley v. Horrighs*, 291 F.3d 867 (6th Cir. 2002)........................................ 13

*Graham v. Connor*, 40 U.S. 386 (1989)........................................................ 10

*Griffin v. Breckenridge*, 403 U.S. 88 (1971) ............................................. 6, 7

*Harajli v. Huron Tp.*, 365 F.3d 501 (6th Cir. 2004) ..................................... 9

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982) ................................................... 7

*Illinois v. Wardlow*, 528 U.S. 119 (2000)............................................... 11, 12

*Johnson v. Moseley*, 790 F.3d 649 (6th Cir. 2015) ....................................... 7

*Jones v. Bock*, 549 U.S. 199 (2007) ............................................................... 5

***Kaley v. United States***, 571 U.S. ___ 134 S. Ct. 1090 (2014)................................... 12

***Kush v. Rutledge***, 460 U.S. 719 (1983)................................................................. 6, 7

***Michigan v. DeFillippo***, 443 U.S. 31 (1979) ........................................................ 11, 14

***Mullenix v. Luna***, ___ U.S. ___, 136 S. Ct. 305 (2015) ................................................. 8

***Pani v. Empire Blue Cross Blue Shield***, 152 F.2d 67 (2nd Cir. 1998)........................ 5

***Pearson v. Callahan***, 555 U.S. 223 (2009) ................................................................. 8

***People v. Musser***, 494 Mich. 337, 835 N.W.2d 319 (2013) ...................................... 16

***Pollard v. City of Columbus, Ohio***, 780 F.3d 395 (6th Cir. 2015) ............................... 8

***Riverview Health Institute LLC v. Medical Mutual of Ohio***,
601 F.3d 505 (6th Cir. 2010) ......................................................................................... 5

***Robertson v. Lucas***, 753 F.3d 606 (6th Cir. 2014) ...................................................... 8

***Ross v. Duggan***, 402 F.3d 575 (6th Cir. 2004) .......................................................... 13

***Spurlock v. Satterfield***, 167 F.3d 995 (6th Cir. 1999)........................................... 15, 16

***Sumpter v. Wayne County***, 868 F.3d 473 (6th Cir. 2017) ........................................... 8

***Sykes v. Anderson***, 625 F.3d 294 (6th Cir. 2010) ...................................................... 10

***U.S. v. Lanier***, 520 U.S. 259 (1997) ......................................................................... 10

## Statutes

42 U.S.C. §1985......................................................................................................... 6, 7

42 U.S.C. §1985 (2) and (3) ...................................................................................... 1, 6

## Rules

Fed. R. Civ. P. 12(b)(6) ....................................................................................... 5, 7, 17

## **QUESTIONS PRESENTED**

I.      SHOULD PLAINTIFF KIHN'S "CONSPIRACY" CLAIM AGAINST DEFENDANTS DENNY AND HESCHE (*RELATING TO THE PRIOR "CRIMINAL CASE" AGAINST KIHN*) BE DISMISSED UNDER FED. R. CIV. P. 12(b)(6) FOR FAILURE TO STATE A PLAUSIBLE CLAIM?

Plaintiff Kihn will answer: "No."

Defendants Denny and Hesche answer: "Yes."

II.     SHOULD PLAINTIFF KIHN'S "CONSPIRACY" CLAIM AGAINST DEFENDANTS DENNY AND HESCHE (*RELATING TO THE PRIOR TRIAL TERMINATING KIHN'S "PARENTAL RIGHTS"*) BE DISMISSED UNDER FED. R. CIV. P. 12(b)(6) FOR FAILURE TO STATE A PLAUSIBLE CLAIM?

Plaintiff Kihn will answer: "No."

Defendants Denny and Hesche answer: "Yes."

## <u>MOST CONTROLLING AUTHORITY</u>

***Griffin v. Breckenridge***, 403 U.S. 88 (1971) ........................................................... 6, 7

***Harlow v. Fitzgerald***, 457 U.S. 800 (1982) ................................................................ 7

***Kush v. Rutledge***, 460 U.S. 719 (1983) .................................................................. 6, 7

***Robertson v. Lucas***, 753 F.3d 606 (6th Cir. 2014) ...................................................... 8

## STATEMENT OF FACTS

### Introduction.

The Complaint by Plaintiff Bradley Edward Kihn asserts two claims for "conspiracy," by specific reference to 42 U.S.C. §1985(2) and (3).  **(ECF No. 1, PageID.1, 4, 38, Complaint, ¶¶ 1, 27-28, 386)**. In general terms, Plaintiff Kihn alleges that Defendants Denny and Hesche were motivated by "*cronyism*" (i.e., *wanting "to please [Defendant Sonya Kihn's mother] Ms. Pinnow and her family"*) to participate in a "conspiracy" to bring false charges of "sex crimes" against Plaintiff Kihn, so as to aid Defendant Sonya Kihn in a parental rights dispute.  **(Complaint, ¶¶ 1-2, 27-28, 530)**.

For purposes of the present motion, it is critical to look specifically at the allegations directly targeting Defendants Denny and Hesche.  When these allegations are distilled from the far-ranging accusations against other Defendants (*and multiple non-party actors*), the lack of any factual basis for claims against Defendants Denny and Hesche becomes apparent.

### Substantive Facts.

Plaintiff Kihn identifies Defendant Brent Denny as "*a detective with the Ionia County Sheriff's Office.*"  **(ECF No. 1, PageID.2, Complaint, ¶ 11)**.  He identifies Defendant Phillip Hesche as "*a sergeant with the Ionia County Sheriff's Office.*"  **(ECF No. 1, PageID.2, Complaint, ¶ 11)**.

Plaintiff Kihn's Complaint is somewhat convoluted.  As best as the allegations can be aligned for chronological order, Defendant Sonya Kihn contacted an Ionia County magistrate, David Wirth, who in turn contacted Detective Denny "*to notify him that Defendant [Sonya] Kihn needed to make a report of sexual abuse involving her child.*"

**(ECF No. 1, PageID.20, Complaint, ¶¶ 202-203)**.  Detective Denny (allegedly a friend of Defendant Kihn's mother, Ms. Pinnow) met with Defendant Sonya Kihn and her mother to hear their account of this supposed abuse.  **(ECF No. 1, PageID.20, Complaint, ¶¶ 205-208)**.

Furthermore, according to Plaintiff Kihn, Defendant Susan Ward, was a "*therapist*" to Defendant Sonya Kihn's minor children, HK and RK.  **(ECF No. 1, PageID.7-8, Complaint, ¶¶ 65-72)**.  Ward also "*notified Defendant Denny*" that HK had disclosed "*abuse*" in the form of Plaintiff Kihn forcing HK to watch pornographic movies on the family's "Hopper" DVR.  Defendant Sonya Kihn "*turned over the DVR Hopper to Defendant Denny who retained the item as evidence*."  **(ECF No. 1, PageID.8, Complaint, ¶ 83)**.  **(ECF No. 1, PageID.4-5, 6, 8, Complaint, ¶¶ 30-36, 40, 60, 81-2)**.  Denny also received a letter from Defendant Ward "*stating [that] both children disclosed being sexually assaulted by Plaintiff [Kihn]*."  **(ECF No. 1, PageID.29, Complaint, ¶ 282)**.

Kihn asserts that, as "*lead detective*," Defendant Denny then arranged a "*forensic interview*" of HK and RK with Defendant Star Thomas.  **(ECF No. 1, PageID.9, 20, Complaint, ¶¶ 84-5, 209)**.  Allegedly Denny personally selected Star Thomas and "*pull[ed] some strings*" (never defined) to arrange the interview.  **(ECF No. 1, PageID.21, Complaint, ¶¶ 210-212)**. It is alleged by Plaintiff Kihn that the forensic interviews by Thomas were "*deeply flawed*" by somehow cultivating "*false accusations and/or beliefs*." **(ECF No. 1, PageID.9, 29, Complaint, ¶¶ 86, 285-286)**.

Based on the information from Ward, Kihn and Thomas, Detective Denny allegedly requested the Prosecutor to issue multiple counts of sexual conduct against the Plaintiff, following which the Ionia County Prosecutor charged Plaintiff Kihn "*with five felony counts*

of *criminal sexual conduct (SCS), in the first and second degree*." **(ECF No. 1, PageID.9,**
**Complaint, ¶¶ 90-91)**.   Detective Denny then delivered "*the felony complaint from the*
*Prosecutor's Office to the Honorable Suzanne Hoseth Kreeger, who then authorizes the*
*Complaint and arrest warrant against Plaintiff*."   **(ECF No. 1, PageID.31, Complaint, ¶**
**301)**.   Plaintiff Kihn was bound over for trial following a preliminary examination.  **(ECF**
**No. 1, PageID.32, Complaint, ¶¶ 319-320)**.

Allegedly, Defendant Hesche assisted Detective Denny "*in conducting a flawed*
*and incomplete investigation*."  **(ECF No. 1, PageID.9, Complaint, ¶ 95)**.   Apparently this
"*flawed investigation*" involves the handling of the "*DVR Hopper*" evidence.

It is alleged that Denny delivered the DVR Hopper to the Michigan State Police,
but this fact was not communicated to Plaintiff Kihn until after he had hired his own expert.
The implication seems to be that Plaintiff Kihn would not have undertaken the expense of
retaining his own expert had he known that the Michigan State Police had done a forensic
analysis that determined certain key information could not be ascertained.   Allegedly,
Denny and Hesche wanted Plaintiff Kihn to undergo the expense.   **(ECF No. 1,**
**PageID.33-34, Complaint, ¶¶ 227-231, 338)**.  It is also alleged that Denny and Hesche
could have gotten information from Dish Network, without going to the Michigan State
Police - - but why this supposedly matters is not clear.   **(ECF No. 1, PageID.33,**
**Complaint, ¶¶ 332-334)**.

It is alleged that Defendant Hesche followed direction from an Ionia County
Prosecutor, Kyle Butler, to allow HK "*to watch the recording of his own forensic interview*,"
which supposedly "*served to taint the mind of HK and assured that HK would be able to*
*rehearse his testimony in advance of trial*."  **(ECF No. 1, PageID.36, Complaint, ¶¶ 354-**

**356)**.  It is further alleged that both Denny and Hesche testified at Plaintiff Kihn's criminal trial, although the substance of their testimony is not indicated.  **(ECF No. 1, PageID.36, Complaint, ¶¶ 357-358)**.

Similarly, it is alleged that Defendant Denny testified at the trial for the termination of Plaintiff Kihn's parental rights.  **(ECF No. 1, PageID.39, Complaint, ¶ 399)**.  In this context, it is alleged only that Denny vouched for the credibility of Sonya Kihn by testifying that "*he would believe Defendant Kihn at all costs*."  **(ECF No. 1, PageID.39, Complaint, ¶ 399)**.  There is no indication of any involvement by Defendant Hesche in the parental rights termination proceedings.

## STANDARD OF REVIEW

"A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is designed to test the sufficiency of the Complaint."  ***Riverview Health Institute LLC v. Medical Mutual of Ohio***, 601 F.3d 505, 512 (6th Cir. 2010).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."  ***Ashcroft v. Iqbal***, 556 U.S. 662, 678 (2009).  "Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice."  ***Colley v. Adult Protective Services***, 725 F.3d 581, 585 (6th Cir. 2013).  The allegations must present more than the mere "possibility" that a particular defendant has acted unlawfully, and facts that are "merely consistent with" a defendant's liability are not sufficient.  ***Iqbal***, 556 U.S. at 678.

"[D]ismissal pursuant to Rule 12(b)(6) will be granted if the facts as alleged are insufficient to state a valid claim or if the claim shows on its face that relief is barred by an affirmative defense."  ***Riverview Health Institute LLC***, 601 F.3d at 512.  "Immunity" is among these affirmative defenses.  ***Jones v. Bock***, 549 U.S. 199, 215 (2007), citing with approval ***Pani v. Empire Blue Cross Blue Shield***, 152 F.2d 67 (2nd Cir. 1998).

**ARGUMENT**

I.   **PLAINTIFF KIHN HAS NOT PLEADED COGNIZABLE "CONSPIRACY" CLAIMS AGAINST DEFENDANTS DENNY AND HESCHE - - NOR COULD HE DO SO.**

Plaintiff Kihn asserts his "conspiracy" claims by express reference to 42 U.S.C. §1985, particularly subsections (2) and (3).  **(ECF No. 1, PageID.1, 4, Complaint, ¶¶ 1, 27, 28)**.  He also includes the statutory reference in the title of both counts of his complaint.  **(ECF No. 1, PageID.3, 38, Complaint, pp. 3, 38)**.

In ***Kush v. Rutledge***, 460 U.S. 719 (1983), the Supreme Court interpreted the text of §1985 to provide causes of action for five categories of conspiracies.  ***Id.***, at 724.  Three of these categories - - those claims authorized by in §1985(1), those claims authorized by "the first portion of §1985(2)" and those claims authorized by "the second part of §1985(3)" - - relate to conspiracies against _federal_ officers, "_federal_ judicial proceedings" and "_federal_ elections."  ***Id***.  Such "federal" conspiracies are manifestly not implicated by the facts pleaded in Plaintiff Kihn's Complaint.

Likewise, the other two categories of statutory conspiracy are not implicated by Plaintiff Kihn's factual allegations.  "The second part of §1985(2) applies to conspiracies to obstruct the course of justice in state courts, while the first part of §1985(3) provides a cause of action against two or more persons who 'conspire or go in disguise on the highway or on the premises of another.'"  ***Id.***, at 725.  Critically, however, "[e]ach of these provisions of the statute contain language requiring that the conspirators' actions be motivated by and intend to deprive their victims of equal protection of the laws.  ***Id***.  In this context, the "equal protection" language has been construed by the Supreme Court in ***Griffin v. Breckenridge***, 403 U.S. 88 (1971) to require "*that there must be some racial,*

*or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action*." **Kush**, 460 U.S. at 725-6, quoting **Griffin**, 403 U.S. at 102.

Although Plaintiff Kihn broadly suggests that the Defendants have denied him justice in the state courts, Kihn utterly fails to identify any "racial" or "class-based, invidiously discriminatory animus" behind the alleged actions of Defendants Denny and Hesche. Kihn never identifies the race of anybody involved in this case. And alleged animus of the Defendants is directed toward Kihn alone, not toward any "class." Therefore, Plaintiff Kihn has failed to state any cognizable §1985 claim against Defendants Denny and Hesche. Because Kihn *only* asserts invalid §1985 claims, his Complaint should be dismissed. Fed. R. Civ. P. 12(b)(6).

## II. DEFENDANTS DENNY AND HESCHE HAVE QUALIFIED IMMUNITY TO DEFEAT ANY CLAIM BASED UPON THE CONDUCT ALLEGED BY PLAINTIFF KIHN.

Wholly apart from lacking any basis to assert any "conspiracy" claims under 42 U.S.C. §1985, Kihn also lacks any basis to assert that he has any actionable claim against Defendant Denny or Defendant Hesche at all. Both deputies have immunity, because neither deputy engaged in any conduct that denied "due process" or "equal protection" to Plaintiff Kihn.

Assertion of claims against individual officers in their individual capacities implicates "qualified immunity." **Johnson v. Moseley**, 790 F.3d 649, 653 (6th Cir. 2015). "[G]overnment officials performing discretionary functions are generally shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." **Harlow v. Fitzgerald**, 457 U.S. 800, 818 (1982).

Qualified immunity invokes a two-pronged inquiry.  Under one prong, the court must decide "whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right."  ***Pearson v. Callahan***, 555 U.S. 223, 232 (2009).  Under the other prong, the court must decide "whether the right at issue was 'clearly established' at the time of the defendant's alleged misconduct."  ***Id***.  "A plaintiff must satisfy both inquiries in order to defeat the assertion of qualified immunity."  ***Sumpter v. Wayne County***, 868 F.3d 473, 480 (6th Cir. 2017).

A right is "clearly established" only where the existing case law precedents demonstrate the existence of the right to be "beyond dispute," such that "every reasonable officer would have understood that what he is doing violates that right."  ***Mullenix v. Luna***, ___ U.S. ___, 136 S. Ct. 305, 308 (2015).  Moreover, qualified immunity "covers mistakes in judgment, whether the mistake is one of fact or one of law."  ***Pearson***, 555 U.S. at 231.

Furthermore, to establish liability and to overcome a qualified immunity defense, an individual must show that his rights were violated, and that the violation was "committed *personally* by the defendant."  ***Robertson v. Lucas***, 753 F.3d 606, 615 (6th Cir. 2014), *emphasis in original*.  "Each defendant's liability must be assessed individually based on his or her own actions."  ***Pollard v. City of Columbus, Ohio***, 780 F.3d 395, 402 (6th Cir. 2015).  This ensures "that no defendant is improperly held liable for the conduct of another."  ***Apsey v. Chester Tp.***, 608 Fed. Appx. 335, 339 (6th Cir. 2015).

> **A.   Defendants Denny and Hesche have qualified immunity against Kihn's claim of a denial of "due process and/or equal protection" in connection with Kihn's "criminal case."**

With regard to the "criminal case" against Kihn, Kihn fails to plead any facts showing conduct on the part of Defendant Denny or Defendant Hesche that would be violation of Kihn's "due process" or "equal protection" rights.  This is particularly obvious with regard to the "equal protection" claim.

### 1.  Equal Protection.

As best as can be discerned, the "equal protection" aspect of Plaintiff Kihn's "claim" would be that Sheriff's Deputies Denny and Hesche engaged in a discriminatory or selective prosecution of Kihn.  But Kihn cannot show the elements of such a claim.

In the "equal protection" context, a plaintiff must allege three elements.  <u>First</u>, the plaintiff must plead facts indicating that he was singled out for belonging to "an identifiable group, such as those of a particular race or religion, or a group exercising constitutional rights, for prosecution," even though other persons not belonging to that group were not prosecuted for similar actions.  ***Harajli v. Huron Tp.***, 365 F.3d 501, 508 (6th Cir. 2004).  <u>Second</u>, the officials initiating the prosecution must do so with "a discriminatory purpose."  ***Id***.  <u>Third</u>, the prosecution must have "a discriminatory effect" on the group to which the plaintiff belongs.  ***Id***.

"With regard to the first element, it is an absolute requirement that the plaintiff make at least a *prima facie* showing that similarly situated persons outside [his] category were not prosecuted."  Even a "class-of-one" equal protection claim requires pleading of facts to demonstrate that the plaintiff was prosecuted in circumstances that "a similarly situated party" would not have been.  ***Boone v. Spurgess***, 385 F.3d 923, 932 (6th Cir. 2004).

Plaintiff Kihn makes no effort whatsoever to identify his membership in any cognizable class or to suggest that Defendants Denny and Hesche would have acted any

differently with regard to similar accusations and evidence regarding a person who is not a member of a cognizable class.  Likewise, Plaintiff Kihn does not plead any facts to support a conclusion that Defendants Denny and Hesche would have handled the accusations and evidence any differently for any other "similarly situated" suspect. Plaintiff Kihn fails to identify any comparator class or persons at all.  Therefore, there is no basis whatsoever for Plaintiff Kihn to accuse Defendant Denny or Defendant Hesche of violating Plaintiff Kihn's "equal protection" rights - - either in conspiracy or otherwise. Absent any violation, these Defendants have immunity.

## 2.  Due Process.

With regard to "due process," Plaintiff Kihn fails to specify whether he is claiming a denial of "procedural due process" or, alternatively, a denial of "substantive due process."  But because Plaintiff Kihn ties his "due process" claim to the context of his arrest following the accusations by Sonya Kihn and Susan Ward against him, together with the subsequent prosecution, the "due process" claim falls into the context of actions governed by the Fourth Amendment.  See *Sykes v. Anderson*, 625 F.3d 294, 305-310 (6th Cir. 2010).  Therefore, analysis under the "substantive due process" rubric is not appropriate.  *Graham v. Connor*, 40 U.S. 386, 395 (1989), *U.S. v. Lanier*, 520 U.S. 259, 272 (1997) at n.7 ("*if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that provision, not under the rubric of substantive due process*").

Moreover, whether reviewed under the standard of the Fourth Amendment, or under the standards of either "procedural due process" or even "substantive due process"

under the Fourteenth Amendment, nothing allegedly done by Defendants or Hesche could be viewed as a violation of Plaintiff Kihn's constitutional rights.

Plaintiff Kihn's Complaint fails to offer any allegation that Defendant Denny or Defendant Hesche played any role at all in obtaining any warrant or actually arresting Plaintiff Kihn.  The only alleged role of Detective Denny is to "*request[] to the prosecutor to issue multiple counts of criminal sexual conduct against the plaintiff*," with Denny then delivering "*the arrest warrant to the circuit court judge who authorized all 5 charges*," **(ECF No. 1, PageID.9, 31, Complaint, ¶¶ 89-91, 301)**.  Nothing is alleged about Hesche in this context at all.  Even assuming these allegations to be true, they show no constitutional violation.

It is not expressly stated that either Denny or Hesche actually arrested Plaintiff Kihn, but "[a] warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed."  ***Devenpeck v. Alford***, 543 U.S. 146, 152 (2004).  "Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest."  ***Id***.

"[P]ersons arrested and detained on probable cause to believe they have committed a crime may turn out to be innocent."  ***Illinois v. Wardlow***, 528 U.S. 119, 126 (2000).  "The Constitution does not guarantee that only the guilty will be arrested."  ***Baker v. McCollan***, 443 U.S. 137, 145 (1979).  "The validity of the arrest does not depend on whether the suspect actually committed a crime; the mere fact that the suspect is later acquitted of the offense for which he is arrested is irrelevant to the validity of the arrest."  ***Michigan v. DeFillippo***, 443 U.S. 31, 36 (1979).

Also "irrelevant" is the officer's subjective intent.  ***Wardlow***, 528 U.S. at 153.  So long as there is objective basis to believe the arrestee committed an offense, the arrest is reasonable under the Fourth Amendment "whatever the subjective intent" of the officer.  ***Id.***, ***Ashcroft v. Al-Kidd***, 563 U.S. 731, 736 (2011).

Significantly, probable cause is "not a high bar."  ***District of Columbia v. Wesby***, ___ U.S. ___, 138 S. Ct. 577, 586 (2018), quoting ***Kaley v. United States***, 571 U.S. ___, 134 S. Ct. 1090, 1103 (2014).  "[P]robable cause does not require the same type of specific evidence of each element of the offense as would be needed to support a conviction."  ***Adams v. Williams***, 407 U.S. 143, 149 (1972).  The evidence known to the officer need not mandate a conclusion of criminal conduct by the suspect.  Rather, the evidence need only be so much as would *permit* the conclusion.  ***Crockett v. Cumberland College***, 316 F.3d 571, 583 (6th Cir. 2003).

According to Plaintiff Kihn, Officer Denny became involved in investigating Plaintiff Kihn at the request of an Ionia County *magistrate*.  **(ECF No. 1, PageID.20, Complaint, ¶ 203)**.  Sonya Kihn, together with therapist Susan Ward, both communicated to Denny that minors HK and RK had accused Plaintiff Kihn of assault and/or subjecting them to pornographic materials.  **(ECF No. 1, PageID.8-9, 20, 29, Complaint, ¶¶ 82-83, 87-88, 205, 282)**.  Rather than simply arrest Plaintiff Kihn, Defendant Denny arranged a forensic interview by Star Thomas.  **(ECF No. 1, PageID.9, 20-1, Complaint, ¶¶ 85-6, 209-212)**.  Plaintiff Kihn asserts that Denny "*pulled some strings*" to get the interview and that the interview was "*flawed*," but Kihn offers no facts to suggest that Denny participated in the interview or would have had any basis to question the capability of Thomas as an interviewer or to question her results.

But even without the interview, "probable cause" existed to arrest Plaintiff Kihn.  An eyewitness identification will constitute probable cause, unless there is "an apparent reason" for the officer to think the witness is lying, is not accurately describing events or was otherwise mistaken.  ***Ahlers v. Schebil***, 188 F.3d 365, 370 (6th Cir. 1999).  Judging by Plaintiff Kihn's allegations, neither Sonya Kihn nor Susan Ward were actual eyewitnesses to the alleged actions of Plaintiff Kihn, but there was no "apparent reason" under the facts alleged for Denny to have thought Sonya Kihn or Susan Ward to be lying about what HK and RK had supposedly reported to them.  To the extent Star Thomas gleaned confirmation from her forensic interviews of HK and RK, this only solidified the existing probable cause to seek an arrest warrant and prosecution.

Once probable cause is established, officers are "under no duty to continue their investigation."  ***Ahlers***, 188 F.3d at 370.  An officer "is under no obligation to give any credence to a suspect's story, nor should a plausible explanation in any sense require the officer to forego arrest pending further investigation if the facts initially discovered provide probable cause."  ***Chriss v. City of Kent***, 867 F.2d 259, 263 (6th Cir. 1988).  Moreover, officers are not required to investigate a defendant's "legal defenses" prior to making an arrest.  ***Fridley v. Horrighs***, 291 F.3d 867, 874 (6th Cir. 2002).  The possibility that an arrestee might ultimately possess an affirmative defense to a criminal charge "is not material to the pre-arrest probable cause assessment."  ***Ross v. Duggan***, 402 F.3d 575, 586 (6th Cir. 2004).

Plaintiff Kihn himself concedes that the judge at his preliminary examination bound Kihn over for trial on the charges.  **(ECF No. 1, PageID.32, Complaint, ¶¶ 319-320)**.  Thus, there was judicial confirmation of probable cause for the arrest and the prosecution.

Subsequent acquittal of Plaintiff Kihn is irrelevant.  *Michigan v. DeFillippo*, 443 U.S. at 36.

Plaintiff Kihn's claims are not saved by his allegations regarding Denny delivering the DVR hopper to the Michigan State Police for forensic examination.  **(ECF No. 1, PageID.33, Complaint, ¶ 27)**.  Whether or not this was communicated to Plaintiff Kihn (or his attorney) is irrelevant insofar as any claims against Denny or Hesche are concerned.  "Police officers do not disclose evidence to criminal defendants directly." *D'Ambrosio v. Marino*, 747 F.3d 378, 389 (6th Cir. 2014).  Such communication and disclosure are the responsibility of prosecutors, not the investigating officers.  *Id*.

Moreover, Plaintiff Kihn himself apparently agrees with the conclusions drawn by the Michigan State Police examination.  His complaint (seemingly) is that he would have relied on the MSP examination rather than incur expense for an expert of his own, had he known the examination was being done.  **(ECF No. 1, PageID.33-34, Complaint, ¶¶ 327-338)**.  Obviously, then, Kihn does not consider the results of this part of the investigation to be "flawed."  And, to the extent that Denny and Hesche allegedly wanted Plaintiff Kihn to sustain extra expense **(ECF No. 1, PageID.33-34, Complaint, ¶¶ 329-334, 338)**, this is irrelevant.  The communication that Plaintiff Kihn suggests would have spared him the expense of retaining his own expert was a communication within the responsibility of the prosecutor (if anyone), not of Defendants Denny and Hesche.

Furthermore, to whatever extent Defendant Denny and/or Defendant Hesche testified at Plaintiff Kihn's criminal trial, there is no indication of the substance of that testimony whereby to suggest that either Defendant could have somehow violated the Constitution.  Qualified immunity would apply.

More fundamentally, both officers would have absolute "witness" immunity for any testimony given at trial.  This is true, "no matter how egregious or perjurious that testimony was alleged to have been."  ***Spurlock v. Satterfield***, 167 F.3d 995, 1001 (6th Cir. 1999).

> **B.    Defendants Denny and Hesche have qualified immunity against Kihn's claim of a denial of "due process and/or equal protection" in connection with the trial terminating Kihn's parental rights.**

What was said above with regard to the absence of any basis for Plaintiff Kihn to assert an "equal protection" claim in the context of the "criminal case" against him applies equally to the proceedings regarding his parental rights.  Plaintiff Kihn fails to identify any facts showing group-based discrimination or that he was treated differently than any "similarly situated" person.

More fundamentally, whether Plaintiff Kihn's attempted claims are reviewed under principles of "equal protection" or "due process," Kihn simply fails to allege any facts at all to suggest any unconstitutional conduct by Defendant Denny or Defendant Hesche in the parental rights proceedings.   There is no allegation of any involvement by Hesche whatsoever in those proceedings.  **(ECF No. 1, PageID.38-41, Complaint, ¶¶ 386-417)**. The only alleged involvement by Denny is that he "*testified he would believe Defendant [Sonya] Kihn at all costs.*"  **(ECF No. 1, PageID.39, Complaint, ¶ 399)**.

There was certainly no constitutional violation by Hesche, absent any involvement by Hesche in the proceedings.  But there is also no basis to claim any constitutional violation by Defendant Denny.  Lay witness opinion testimony regarding the credibility of another witness or a party is not unconstitutional.  It is, however, inadmissible, so it would

have no impact upon the judicial determination in the proceedings.  *People v. Musser*, 494 Mich. 337, 349, 835 N.W.2d 319, 327 (2013).

Absent any pleaded facts that could support finding of a constitutional violation by Denny or Hesche in connection with the parental rights proceedings, both of these Defendants have qualified immunity against any "equal protection" or "due process" claim. Moreover, Denny would be protected by absolute immunity for testimony given as a witness at trial, "no matter how egregious or perjurious that testimony was alleged to have been."  *Spurlock*, 167 F.3d at 1001.

## CONCLUSION AND RELIEF REQUESTED

For the reasons set forth above, Plaintiff Kihn has failed to plead any plausible claim against either Defendant Brent Denny or Defendant Phillip Hesche.  Plaintiff Kihn's claims against Denny and Hesche should be dismissed under Fed. R. Civ. P. 12(b)(6), in their entirety and with prejudice.

Respectfully submitted,

CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.

/s/ Allan C. Vander Laan
Allan C. Vander Laan (P33893)
Bradley C. Yanalunas (P80528)
Attorneys for Defendants Brent Denny
Phillip Hesche
Cummings, McClorey, Davis & Acho. P.L.C.
2851 Charlevoix Drive, SE, Ste. 327
Grand Rapids, MI 49546
616/975-7470

Dated: February 14, 2020