UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY EDWARD KIHN,                          Case No. 1:19-CV-00979
                      Plaintiff,
                                              HON.  Robert J. Jonker
v.

BRENT DENNY                                   **JOINT STATUS REPORT**
PHILLIP HESCHE
SONYA (neé KIHN) PINNOW
LINDA KIMMEL
STAR THOMAS
SUSAN WARD,
                      Defendants.

---

| | |
|---|---|
| O'KEEFE LAW, PLLC | CUMMINGS MCCLOREY DAVIS & ACHO |
| Patrick William O'Keefe (P59324) | Allan Vander Laan (P33893) |
| Attorney for Plaintiff | Attorney for Defendants Denny and Hesche |
| 3893 Okemos Rd, Ste B1 | 2851 Charlevoix Dr SE, Ste 324 |
| Okemos, MI 48864 | Grand Rapids, 49546-7093 |
| (517) 253-0114 | (616) 975-7470 |
| patrick@okeefelaw.net | avanderlaan@cmda-law.com |
| | |
| PLUNKETT COONEY | STRAUB, SEAMAN & ALLEN, P.C. |
| Michael Bogren (P34835) | Matthew T. Tompkins (P62665) |
| Attorney for Defendant Thomas | Attorney for Defendant Pinnow |
| 333 Bridge St NW, Ste 530 | 2810 East Beltline Lane NE |
| Grand Rapids, MI 49504 | Grand Rapids, MI 49525 |
| (269) 226-8822 | (616) 530-6555 |
| mbogren@plunkettcooney.com | mtompkins@lawssa.com |
| | |
| ZAUSMER PC | KITCH DRUTCHAS |
| Mark Zausmer (P31721) | Dean Etsios (P44220) |
| Attorney for Defendant Kimmel | Attorney for Defendant Ward |
| 32255 Northwestern Hwy Ste 225 | 1 Woodward Ave, Suite 2400 |
| Farmington Hills, MI  48334-153 | Detroit, MI 48226-5485 |
| (248) 851-4111 | (313) 965-7993 |
| MZausmer@zausmer.com | Dean.etsios@kitch.com |

---

**JOINT STATUS REPORT**

1

In accordance with this Court's February 12, 2020 Order Setting Rule 16 Scheduling Conference (ECF No. 17), and the Court's March 24, 2020 Order (ECF No. 29), the parties state for their Joint Status Report:

A Rule 16 Scheduling Conference was originally scheduled for April 3, 2020 at 11:00 a.m., before the Honorable Robert J. Jonker, but was adjourned without date by the Court.  The Court has instructed the parties to file a Joint Status Report on or before April 3, 2020. Appearing for the parties as counsel are:

**Patrick William O'Keefe, on behalf of the Plaintiff, Bradley Edward Kihn;**

**Allan Vander Laan, on behalf of Defendants Brent Denny and Phillip Hesche**;

**Mark Zausmer, on behalf of Defendant Linda Kimmel**

**Matthew Tompkins, on behalf of Defendant Sonya (neé Kihn) Pinnow**

**Michael S. Bogren, on behalf of Defendant Star Thomas**

**Dean Etsios, on behalf of Defendant Susan Ward**

(1) **Jurisdiction**:   The basis for the Court's jurisdiction is 28 U.S.C. § 1331 as a federal question and 28 U.S.C. § 1343 as a case brought pursuant to 42 U.S.C. § 1985.

(2) **Jury or Non-Jury**:  This case is to be tried before the jury as trier of fact.

(3) **Judicial Availability**:   The parties do not agree to have a United States Magistrate Judge conduct all further proceedings in the case, including trial, and to order the entry of final judgment.

(4) **Statement of the Case**:  This case involves:

> **a.** Plaintiff's Statement of the Case:   Defendants conspired to deprive Plaintiff's constitutional rights by wrongfully accusing him of heinous sex crimes he did not commit. Defendants further conspired to deprive Plaintiff of his parental rights by seeking—after Plaintiff's acquittal in the criminal trial—to terminate his parental rights. Defendants' were unsuccessful in convicting Plaintiff of these alleged offenses. However,

they were successful in having Plaintiff's children permanently removed from him. Plaintiff seeks damages in excess of $500,000 for the Defendants' constitutional violations under 42 U.S.C. § 1985(3).

**b.** Defendants' Statement of the Case: **Defendant Star Thomas**: It is defendant Star Thomas's position that the Complaint fails to state a claim upon which relief can be granted as the plaintiff is not the member of a protected class and cannot pursue a claim under § 1985, as more fully explained in the defendant's pending Motion to Dismiss. Additionally, if the case proceeds beyond the Rule 12 motion, it is Thomas's position that the plaintiff has failed to adequately demonstrate the factual predicate for a conspiracy. Additionally, Thomas is entitled to absolute immunity for her testimony and is entitled to qualified immunity as a reasonable official in her position could have believed her actions were lawful in light of clearly established law.

**Defendants Brent Denny and Phillip Hesche**: Defendants Denny and Hesche rely on their Answer, Affirmative Defenses and the position stated in their Motion to Dismiss and Reply Brief. Plaintiff has failed to state a claim under § 1985 and Defendants are entitled to qualified immunity.

**Defendant Sonya Pinnow (Kihn)**: Defendant Pinnow (formerly Kihn): As set forth in her Motion to Dismiss, it is Defendant Pinnow's position that Plaintiff has failed to state a cause of action upon which relief can be granted under §1985 given that Plaintiff is not a member of a protected class. If Plaintiff's claim survives the pending Rule 12 challenges, Defendant Pinnow intends to file responsive pleadings and defend this matter on the merits, including the filing of an appropriate summary judgment motion as provided by the forthcoming Case Management Order.

**Defendant Susan Ward**: Plaintiff's claims against Susan Ward should be dismissed, as pled in defendant Susan Ward's Motion to Dismiss currently pending in front of this Honorable Court, for failure to state a claim under Fed. R. Civ. P. 12(b)(6) on the grounds that plaintiff failed to allege sufficient facts to establish the elements of a 42 U.S. Civ. §1985 claim. Plaintiff's allegations of a conspiracy fail as the allegations are pled with a lack of the requisite specificity and that the vague and conclusory allegations are unsupported by material facts and are insufficient to state a claim. Plaintiff has failed to show that two or more persons conspired for the purpose of depriving the plaintiff of his constitution rights and that the alleged conspirators committed an overt act that injured the plaintiff. Plaintiff's Complaint fails to state a claim for conspiracy under §1985 because plaintiff fails to allege that he was a member of a protected class or that the alleged conspiracy was motivated by rational or other class-based "individually discriminatory animus". Plaintiff merely asserts

defendant's alleged animus was directed at him personally and not at a class of persons.  Therefore, plaintiff's action should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

**Defendant Linda Kimmel**: It is defendant Linda Kimmel's position that Plaintiff's Complaint fails to state a claim upon which relief can be granted as Plaintiff is not the member of a protected class and therefore cannot pursue a claim against Kimmel under §1985(2) or (3). Defendant Kimmel has filed and Answer and Affirmative Defenses, and therefore plans on filing a Motion for Judgment on the Pleadings under Rule 12(c) after the pleadings are closed. If the case against her proceeds beyond the Rule 12(c) motion, it is Kimmel's position that Plaintiff has failed to set forth sufficient factual allegations for to establish a conspiracy claim against her, and anticipates filing a motion for summary judgment accordingly.  Additionally, as a court-appointed Parent Coordinator, Kimmel is entitled to absolute immunity for her testimony and qualified immunity in her role as parent coordinator in this matter. Finally and in the alternative, it is Kimmel's position that Plaintiff's claims against her sound in malpractice, not conspiracy under 42 U.S.C 1985, and that the claims against her should be remanded to state court if not dismissed.

   **c.**  Legal Issues:  All but one of Defendants have filed motions to dismiss on the grounds that Plaintiff is not a member of a protected class, and therefore, cannot recover under the Ku Klux Klan Act. Defendants Denny and Hesche, both police officers, have also claimed qualified immunity. Plaintiff has filed his response in opposition. Replies have been filed.

   (5)  **Joinder of Parties and Amendment of Pleadings**:  In light of the pending Rule 12 motions, it is recommended motions for joinder of parties or amendment of pleadings be filed 28 days after the last Answer in the case has been filed.

   (6)  **Disclosures and Exchanges**:

   **a.**  Fed. R. Civ. P. 26(a)(1) initial disclosures are to be made  28 days after the last Answer in the case has been filed. Addresses and phone numbers are not required for witnesses who should be contacted through counsel for Plaintiff or Defendants, or for whom addresses and phone numbers can otherwise be obtained from counsel for Plaintiff or Defendants upon request.

   **b.**  Fed. R. Civ. P. 26(a)(2) disclosures: Expert disclosures shall be made consistent with the parties' proposed phasing of expert discovery as set forth in section 7(a)(iii) of this joint status report.  Plaintiff shall identify experts and produce reports 90 days before the close of discovery and

Defendants shall identify experts and produce reports 45 days before the close of discovery. Expert depositions shall be allowed to continue until the close of discovery.

    **c.** Fed. R. Civ. P. 26(a)(3) disclosures:  The parties propose that Fed. R. Civ. P. 26(a)(3) pretrial disclosures be set forth in the final pretrial order.

    **d.** The parties are unable to agree to voluntary production at this time.

    **e.** Initial disclosure of potential lay witnesses: The parties shall identify known lay witnesses in their Fed. R. Civ. P. 26(a) disclosures.  Witnesses subsequently discovered in the course of discovery must be identified in a timely supplement consistent with the parties' duties under Fed. R. Civ. P. 26(e) regarding supplementation of applicable disclosures and/or discovery responses.  Lay witnesses shall also be identified in the parties' pretrial disclosures, consistent with Fed. R. Civ. P. 26(a)(3) and section 6(c) of this joint status report.

(7) **Discovery**:  The parties believe that all discovery proceedings can be completed as set forth below in section 7(a), but reserve the right to request additional time from the Court should such time be necessary to complete discovery especially in light of the ongoing pandemic.  The parties recommend the following discovery plan:

    **a.** The parties believe that discovery should be as follows:

    Discovery:  The parties believe that all discovery proceedings can be completed by 210 days following the filing of the last Answer.

    **b.** The parties anticipate discovery will be required regarding: Plaintiff's claims and alleged damages and Defendants' defenses.

    **c.** The parties anticipate they will be able to adhere to the limitations imposed by the Federal Rules of Civil Procedure regarding the number of depositions, interrogatories, and requests for admissions, or limitations on the scope of discovery pending resolution of dispositive motions or alternative dispute resolution proceedings. The parties, however, reserve their right to request exceptions to these limitations should a reasonable and good faith basis exist for doing so.

(8) **Motions**:  The parties acknowledge that W.D. Mich. L. Civ. R. 7.1(d) requires the moving party to ascertain whether the motion will be opposed.  All non-dispositive motions shall

affirmatively state the efforts of the moving party to comply with the obligation created by Rule 7.1(d).  The following dispositive motions are contemplated by each party:

> **a.** Plaintiff anticipates filing a motion for summary judgment at the completion of discovery.
>
> **b.** All Defendants anticipate filing a motion for summary judgment at the completion of discovery.

The parties anticipate that all dispositive motions will be filed within 45 days of the close of discovery.

(9)   **Alternative Dispute Resolution**:  The parties are still discussing the possibility of mediation or other alternative dispute resolution.  At this time, Plaintiff recommends that there be an early settlement conference in front of a magistrate judge, and another at the close of discovery. The defendants agree to a settlement conference before a Magistrate Judge, but do not believe an early settlement conference will be fruitful while the Rule 12 motions are pending.

(10)  **Length of Trial**:  At this time, Counsel estimate the trial will last at least five days total, to be allocated as follows: three days for Plaintiff's case and two days for Defendants' case. Plaintiff's counsel believes the trial may last longer than five days.

(11)  **Prospects of Settlement**:  Unknown.

(12)  **Electronic Document Filing System**:  The attorneys understand that Local Civil Rule 5.7(a) requires that attorneys file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule.  The parties understand that the Court expects all counsel to abide by the requirements of this rule.

Should any other such special characteristics that require this Court's attention arise during the course of this lawsuit, the parties shall bring them to the Court's attention.

6

By: /s/_____
O'KEEFE LAW, PLLC
Patrick William O'Keefe (P59324)
Attorney for Plaintiff
3893 Okemos Rd, Ste B1
Okemos, MI 48864
(517) 253-0114
patrick@okeefelaw.net

By: /s/_____
CUMMINGS MCCLOREY DAVIS & ACHO
Allan Vander Laan (P33893)
Attorney for Defendants Denny and Hesche
2851 Charlevoix Dr SE, Ste 324
Grand Rapids, 49546-7093
(616) 975-7470
avanderlaan@cmda-law.com

By: /s/_____
PLUNKETT COONEY
Michael Bogren (P34835)
Attorney for Defendant Thomas
333 Bridge St NW, Ste 530
Grand Rapids, MI 49504
(269) 226-8822
mbogren@plunkettcooney.com

By: /s/_____
STRAUB, SEAMAN & ALLEN, P.C.
Matthew T. Tompkins (P62665)
Attorney for Defendant Pinnow
2810 East Beltline Lane NE
Grand Rapids, MI 49525
(616) 530-6555
mtompkins@lawssa.com

By: /s/_____
ZAUSMER PC
Mark Zausmer (P31721)
Attorney for Defendant Kimmel
32255 Northwestern Hwy Ste 225
Farmington Hills, MI  48334-153
(248) 851-4111
MZausmer@zausmer.com

By: /s/_____
KITCH DRUTCHAS
Dean Etsios (P44220)
Attorney for Defendant Ward
1 Woodward Ave, Suite 2400
Detroit, MI 48226-5485
(313) 965-7993
Dean.etsios@kitch.com

Dated:  April 1, 2020

Open.00560.90050.23888867-1

7